### Otis Yeager v. The State.

No. 7386.   Decided April 4, 1923.

Rehearing denied December 5, 1923.

**1.—Assault to Murder—Charge of Court—Principals.**

Where complaint was made to the charge of the court upon the ground that it limited appellant's right of self-defense by coupling it with the charge on principals, but it appeared from the record, that if there was any fault in the charge in this behalf it was cured by appellant's requested charge, there is no reversible error.

**2.—Same—Evidence—Bill of Exceptions.**

It is the duty of this court to indulge every reasonable presumption in favor of the correctness of the ruling of the trial court, and where the ground of the State's objection to the introduction of the proposed testimony was not stated the same cannot be considered.

**3.—Same—Bills of Exception—Self-defense.**

While the charge on self-defense might have been so framed as to leave the question of principals out of that part of the charge, yet in the manner it is given the jury had no difficulty in understanding it, and there is no reversible error.

**4.—Same—Rehearing.**

Where appellant's motion or rehearing questioned the correctness of the court's opinion upon its analysis of his bills of exceptions the matter is again reviewed and no reversible error discovered.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of assault to murder; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Linden,* for appellant.

*R. G. Storey,* Assistant Attorney General, *Chambers, Wilson & Johnson, D. A. McAskell,* District Attorney Bexar County, and *W. S. Anthony,* Assistant District Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bexar County of assault to murder, and, his punishment fixed at six years in the penitentiary.

In his charge on the law of self-defense the trial court told the jury, in substance, that if appellant was not a principal offender as elsewhere defined in the charge, and it appeared to him, viewed from his standpoint at the time, that his father, Henry Yeager, was in danger of death or serious bodily injury at the hands of William Keilman, and that appellant did not know the cause of the difficulty, and was not acting as a principal, he would be warranted in using such force as appeared to him to be necessary to protect the life of his father, and in such case or if they had a reasonable doubt of the intent of appellant, the jury should find him not guilty. Complaint is made of this upon the ground that it limited appellant's right of self-defense by coupling it with the charge on principals. We hardly think so, especially in view of the giving of appellant's special charge as follows:

"Gentlemen of the Jury: You are instructed as a part of the law of this case, that a party acting in defense of another is only bound to answer for his own intent and the intent of the party for whom he is acting at the time, will not bind the party acting in the defense of another, at all. And in this connection you are instructed that it would make no difference what the intention of Henry Yeager was, at the time of the difficulty between himself and the said William Keilman, unless you should further find, from the evidence, that the defendant knew of the same and was acting with the same intent, and you are further instructed that even though you might find, from the evidence in this case, that it was the intention of the said Henry Yeager, to bring on a difficulty and attack the said William Keilman, you are also instructed that the same would in nowise be binding upon the defendant, unless you find, from the evidence, that the defendant knew of the same and acted with the same intention, and unless you so find, you are instructed that any such intention, if any there were on the part of the said Henry Yeager, would not be binding upon this defendant." .

It is also insisted that the prosecuting witness Keilman should have been required to answer the question as to what his business. had been other than to be proprietor of the Beauty Saloon in San Antonio. In the bill of exceptions presenting this matter appears the following:

"To which question the State objected, and the objection was sustained by the court and that if the witness had been permitted to answer the question, the defendant would have proved by him that in addition to having been proprietor of the Beauty Saloon six years ago, on Matamoras St., in the city of San Antonio, Texas, he also owned and rented out cribs or rooms to prostitutes in which they plied their vocation and that he had been renting out said rooms to prostitutes and to said action of the court in sustaining said objection the defendant excepted in open court."

It will be observed from this quotation that the ground of the State's objection to the introduction of the proposed testimony, is not stated. It is our duty to indulge every reasonable presumption in favor of the correctness of the ruling of the trial court, and the objection may have been that the date of the renting of the cribs or rooms referred to, was too remote. The statement of the testimony of the witness as he would have given it if permitted, as same appears in said bill, contains no reference to when such renting took place. This leaves the matter in doubt. Looking to the testimony of Keilman in the statement of facts, it appears that he swore that he had been in the saloon business before opening the Horn Palace where the difficulty occurred, about seventeen years, for twelve of which he was proprietor of the Beauty Saloon. Was the action of the trial court in sustaining the State's objection based on the proposition that the question of such renting was too remote? Assuming that it was, no error would appear from the ruling.

There are other bills of exception in the record, all of which we have examined but in none appears reversible error. The State's theory of the difficulty was that Mr. and Mrs. Henry Yeager, father and step-mother of appellant, acting with him and another party, committed the assault upon Keilman. It was admitted that the actual difficulty was begun between Henry Yeager and Keilman, but the State claimed that almost immediately appellant and the the other party mentioned, entered the room, and it was in testimony that appellant shot Keilman two or three times. The charge on self-defense might have been so framed as to leave the question of principals out of that part of the charge, but in the manner same was given we think the jury must have had no difficulty in understanding it.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

December 5, 1923.

HAWKINS, JUDGE.—Appellant's motion questions the correctness of our analysis of his bill of exception discussed in the second paragraph of the original opinion. In view of his contention we have again examined the bill and regret that we cannot agree with him. The disposition heretofore made of it we think proper. All other matters presented in the motion were considered upon original submission and nothing now urged appears to justify a different conclusion than that already announced.

The motion is overruled.

*Overruled.*